**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROBERT BLOCKINGER and BROOKE BLOCKINGER, ) ) ) Plaintiffs, ) ) v. ) ) REACH MEDICAL HOLDINGS, INC., ) AIR ANGELS, INC., PHILIP D. HUTH, CRAIG ) RUNDLE, MICHAEL S. DERMONT, and ) RICHARD D. HOFFMAN, ) ) Defendants. ) | CASE NO. 09-cv-1805 Judge Robert M. Dow, Jr. |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' motion to remand [16] this case to the Circuit Court of Cook County. For the reasons stated below, Plaintiffs' motion [16] is granted.

**I.      Background**

On October 15, 2008, a helicopter flown by Delbert Lee Waugh, and operated by Air Angels, Inc., struck a tower in Aurora, Illinois and crashed. Everyone in the helicopter died in the crash, including Kristin Blockinger, a minor child who was a passenger. Kristin was survived by her parents, Robert and Brooke Blockinger (collectively "Plaintiffs").

Plaintiffs filed a lawsuit in the Circuit Court of Cook County. On February 26, 2009, they filed an amended complaint, naming as defendants Reach Medical Holdings, Inc.; Air Angels, Inc.; Philip D. Huth; Craig Rundle; Michael S. Dermont; and Richard D. Hoffman (collectively "Defendants"). The amended complaint sounds in tort and alleges that Defendants acted negligently in the outfitting, operation, and supervision of the helicopter and its pilots. On March 23, 2009, Defendants removed the lawsuit to this Court [1, 5].

1

Currently before the Court is Plaintiffs' motion to remand [16] the case to the Circuit Court of Cook County. Plaintiffs maintain that the individual defendants are Illinois citizens, as is Air Angels, Inc., and that the Court therefore lacks jurisdiction for want of complete diversity of citizenship among the parties. Defendants' response [37] seems to acknowledge that the individual defendants would defeat diversity jurisdiction, but argues that Air Angels, Inc. is the "real" party in interest and that the individual defendants were fraudulently joined

## II. Analysis

### A. Legal Standards Governing Remand and Removal

In deciding whether to remand a case, the Court assumes the truth of the factual allegations of the complaint. *Sheridan v. Flynn*, 2003 WL 22282378, at *3 (N.D. Ill. Sept. 30, 2003). A plaintiff's choice of forum is presumed valid and the Court must resolve any doubts about jurisdiction in favor of remand. See, *e.g., Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) ("Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum"); *Schmude v. Sheahan*, 198 F. Supp. 2d 964, 966 (N.D. Ill. 2002) ("Generally, the removal statute is strictly construed, with an eye towards limiting federal jurisdiction"). Defendants bear the burden of establishing that all of the prerequisites for removal have been satisfied. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004); *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004) (defendant must demonstrate "reasonable probability that subject-matter jurisdiction exists"). In determining whether removal is proper, the Court must consider the jurisdictional circumstances at the time that the removal was made. See, *e.g., In re Shell Oil Co.*, 966 F.2d 1130, 1133 (7th Cir. 1992); *Sheridan*, 2003 WL 22282378, at *3.

In this case, Defendants assert that the Court has jurisdiction based on diversity of citizenship. See 28 U.S.C. § 1332. In order for jurisdiction to be founded on diversity of citizenship, there generally must be complete diversity of citizenship—*i.e.*, no plaintiff can be a citizen of the same state as any defendant. See *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 546 n.1 (7th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). In general, the inquiry focuses on diversity of citizenship at the time that the lawsuit was filed (see *Aurora Loan Servs., Inc. v. Craddieth*, 442 F.3d 1018, 1025 (7th Cir. 2006)), although in the removal setting the time of removal furnishes the pertinent time frame (*Harmon v. OKI Sys.*, 115 F.3d 477, 480 (7th Cir. 1997)). The Court considers the entire record in evaluating the existence of diversity jurisdiction. *Id.* at 479-80 ("The test should simply be whether the evidence sheds light on the situation which existed when the case was removed.").

For the purpose of determining citizenship, a corporation is a citizen of "any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). The location of a corporation's headquarters is not always the same as its principal place of business. *Wis. Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986). This Circuit's test to determine the location of a corporation's principal place of business is the nerve center test. *Ill. Bell Tel. Co., Inc. v. Global NAPs Ill., Inc.*, 551 F.3d 587, 590 (7th Cir. 2008) (elaborating that the "nerve center" generally is "where its executive headquarters are located" and that "[t]here are no nerves (in all but the simplest animals) without a brain"); *Chamberlain Mfg. Corp. v. Maremont Corp.*, 828 F. Supp. 589, 593 (N.D. Ill. 1993). A corporation's nerve center is where its "brain" is—that is, the principal place of corporate management. *Chamberlain Mfg.*, 828 F. Supp. at 590-91.

### B. Application of Legal Standards

#### 1. Air Angels, Inc.

Air Angels, Inc. ("Air Angels") is a Delaware corporation. Answer ¶ 2. Air Angels' holding company is Reach Medical Holdings, a Delaware corporation with its principal place of business in the State of California. *Id*. ¶ 1. Before Plaintiffs amended their complaint and Defendants removed the case to this Court, Air Angels ceased all operations in the State of Illinois. Katt Decl., 5/12/09, ¶ 2, Ex. A. In addition, the CEO of Air Angels states that he lives and works in California and that California is where the management offices are located: "All significant corporate decisions relating to major policy and practices of Air Angels are made in the State of California." Adams Decl., 3/12/09, ¶ 5 (delineating numerous functions performed in California). Therefore, Air Angels nerve center could not be located in Illinois, and diversity jurisdiction exists between Plaintiffs and Air Angels.

#### 2. Rundle and Dermont

Defendants' principal argument against Plaintiffs' motion to remand is the assertion that the Court should disregard for jurisdictional purposes the in-state Defendants—Philip D. Huth, Craig Rundle, and Michael S. Dermont—because they were "fraudulently joined" to this action. Fraudulent joinder is a narrow exception to the rule that "a plaintiff is normally free to choose its own forum." *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999). The exception applies when a plaintiff attempts to "join an in-state defendant solely for the purpose of defeating federal diversity jurisdiction." *Id*. Such improperly joined defendants are disregarded for purposes of removal and remand. *Id*. "Fraudulent joinder occurs either when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts."

*Hoosier Energy Rural Elec. Co-op, Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994) (quoting *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993)); see also *Schur*, 577 F.3d at 763 n.9 (noting that the term fraudulent joinder is "a bit of a misnomer" because the doctrine "requires neither fraud nor joinder"). Absent false allegations of jurisdictional fact, a defendant seeking to prevail on a claim of fraudulent joinder bears the "heavy burden" of proving that, "after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) (emphasis in original). In other words, Defendants must convince the Court that the claim against the in-state defendant "simply has no chance of success." *Id.*

Plaintiffs generally allege negligence claims against all of the defendants. The allegations are that Defendants were negligent in their operation, maintenance, possession, and control of the subject helicopter, flight operations, and the qualification, training, and supervision of pilots. Am. Compl. ¶ 14. Plaintiffs included Defendants Huth, Rundle, and Dermont in those allegations.

Defendants argue that Rundle and Dermont were fraudulently joined because they provided declarations stating that they were not working on the night of the accident and that their positions at Air Angels, Inc. have nothing to do with the allegations of the complaint. An uncontradicted declaration stating that a defendant has absolutely nothing to do with the allegations sufficiently establishes fraudulent joinder. See *Faucett v. Ingersoll-Rand Mining & Machinery Co.*, 960 F.2d 653, 654-55 (7th Cir. 1992). The uncontradicted declaration must present "jurisdictional facts establishing the propriety of summarily dismissing the defendant, not

with evidence going to the merits of Plaintiffs' claim." *Momans v. St. John's N.W. Military Acad., Inc.*, 2000 WL 33976543, at *4 (N.D. Ill. Apr. 20, 2000).

Mr. Rundle provided a declaration stating that his job responsibilities included managing the ground crew (Rundle Decl., 3/21/09, ¶ 5.), and Mr. Dermont provided a declaration stating that his job responsibilities included generating business for Air Angels, Inc. (Dermont Decl., 3/18/09, ¶ 5.) Plaintiffs do not contradict these statements. Because none of the specific allegations of negligence pertained to managing of the ground crew or generating business, these statements are not evidence that go to the merits of the Blockingers' claims. Therefore, no specific claim can be made against Craig Rundle or Michael S. Dermont. *Poulos*, 959 F.2d at 73 (fraudulent joinder, in most cases, involves a claim on which the plaintiff "has no chance of success").

### 3. Huth

Defendants' argument against remand founders on the contention that Defendant Huth was fraudulently joined. Defendants maintain that the allegations against Huth are based solely on his job title, and that Illinois law forecloses any possibility of liability on that basis. See *Reis v. Aetna Cas. & Sur. Co. of Ill.*, 387 N.E.2d 700, 709 (Ill. App. Ct. 1978) (stating that it was "hornbook law" that an officer or director of a corporation is not liable for the corporation's torts unless he was "so connected with the tortious act that he would personally be liable for his * * * negligent conduct"). According to Defendants, "Huth has been identified as a defendant in this lawsuit based solely on his former employment titles of Director of Flight Operations and the Chief Pilot at the base located in Bolingbrook, Illinois." Def. Resp. at 11.

However, Defendants' argument overlooks certain allegations in Plaintiffs' complaint. In pertinent part, Plaintiffs allege that Huth was the Director of Flight Operations and Chief Pilot

6

for Air Angels, Inc. on the date of the accident. Am. Compl. ¶ 7. Defendants admitted those allegations (Answer ¶ 7) and Mr. Huth provided a declaration setting forth his job responsibilities. Mr. Huth stated that he had the responsibility and authority to schedule the flight crew and personnel duty hours, distribute information about changes affecting company procedures and policies relating to flight operations, prepare and maintain records and reports pertaining to flight operations, assist with hiring and dismissing employees for the flight operations, and perform any other duties assigned by the CEO. Huth Decl., 3/19/09, ¶ 5. He also stated, among other things, that he had the responsibility for training and supervising pilots. *Id.* ¶ 9. The complaint contains specific allegations of negligence that pertain to duties for which Mr. Huth was responsible. Although the complaint might have been clearer—the complaint first lays out the duties of respective defendants and then in one large, subdivided paragraph states which duties were breached—Plaintiffs' allegations implicate Huth's conduct, not simply his job title. Accordingly, the Court must conclude that Huth was not fraudulently joined. And because Huth's presence in the litigation destroys complete diversity, the case must be remanded.

**III. Conclusion**

For the foregoing reasons, Plaintiffs' motion to remand [16] this case to the Circuit Court of Cook County is granted.

Dated: October 28, 2009

_____
Robert M. Dow, Jr.
United States District Judge